# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE CVETKO,** | : | **CIVIL ACTION NO. 1:09-CV-1260** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DERRY TOWNSHIP POLICE** | : | |
| **DEPARTMENT, BRIAN K. GRUBB,** | : | |
| **MICHAEL HENRY, TODD HARRER,** | : | |
| **JOHN DOE, HERSHEY** | : | |
| **ENTERTAINMENT & RESORTS, and** | : | |
| **ROBERT MEALS,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Mike Cvetko ("Cvetko") brings this civil rights action pursuant to

42 U.S.C. §§ 1983 and 1985, and Article 1 of the Pennsylvania Constitution.  Cvetko

seeks to hold each of the defendants liable for violating his First Amendment right

to free speech and assembly, his Fourteenth Amendment right to equal protection

of the laws, and his right to equal protection under the Pennsylvania Constitution.

Presently before the court is a motion to dismiss filed by defendants Hershey

Entertainment & Resorts ("HE&R") and Robert Meals ("Meals").  (See Doc. 17.)

For the reasons that follow, the motion will be granted.

**I.    Statement of Facts**[1]

The allegations underlying Cvetko's complaint date back to the spring and
early summer of 2007, when the stock price of the Hershey Foods/Hershey
Company (hereinafter the "Hershey Company") was allegedly suffering. (Doc. 16
¶ 21.) In an attempt to express disapproval of what he believed was the poor
business strategy precipitating this stock loss, Cvetko commenced a series of public
protests. On April 14, 2007, Cvetko positioned himself in the median of the roadway
on the 1400 block of West Hersheypark Drive in Derry Township, displaying signs
critical of the Hershey Company. (Id.) This location lies in close proximity to the
Hersheypark amusement park, an entertainment venue operated by HE&R. (See
id. ¶ 2.) After his initial protest, Cvetko returned to the 1400 block each Saturday
for the next several months, displaying critical signs while standing in the median.
(Id.)

On the morning of July 7, 2007, Cvetko was protesting in his familiar location,
accompanied by an individual named Danielle Norcross. (Id. ¶ 23.) Meals, a
security officer with HE&R, apparently became aware of Cvetko's presence and
purportedly notified the Derry Township police that there was an individual along
the roadway protesting Hershey Company practices. (Id. ¶ 24.) Defendant police

---

[1] In accordance with the standard of review for a motion to dismiss, the court
will present the facts as alleged in the complaint and in the public records provided
by the parties. See infra Part II. Furthermore, those portions of the complaint
which consist of no more than legal conclusions or a formulaic recitation of the
elements of a cause of action have been disregarded. Ashcroft v. Iqbal, --- U.S. ---,
129 S. Ct. 1937, 1949 (2009).

officers Brian Grubb ("Grubb") and Todd Harrer ("Harrer") thereafter arrived at

the scene and ordered Cvetko to remove himself from the median. (Id. ¶¶ 24(a)-(b)).

Cvetko allegedly refused this directive, and he was arrested. (Id. ¶¶ 24(c)-(d)).

Cvetko commenced the instant action by filing a complaint on July 1, 2009.

(See Doc. 1.) He alleges that all defendants retaliated against him for exercising his

First Amendment rights, violated the Fourteenth Amendment and Pennsylvania

Constitution by denying him equal protection of the laws, and engaged in a

conspiracy to infringe upon his civil rights by denying him equal protection of the

laws. Cvetko amended his complaint to include additional factual averments on

August 5, 2009, (see Doc. 5), and amended his complaint for a second time on

September 8, 2009, (see Doc. 16). On September 18, 2009, HE&R and Meals moved

to dismiss the second amended complaint for failure to state a claim upon which

relief can be granted. (See Doc. 17.) This motion has been fully briefed and is ripe

for disposition.

## II.   **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief can be granted.

FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable

reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State

Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County

3

of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a two-step inquiry. In the first step, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, --- U.S. at ---, 129 S. Ct. at 1949. When the

4

complaint fails to establish defendant liability, however, courts should generally

grant plaintiffs leave to amend their claims before dismissing a complaint that is

merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.

2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.     Discussion

Cvetko brings his constitutional claims pursuant to §§ 1983 and 1985(3) of

Title 42 of the United States Code.  These sections create no substantive rights, but

instead provide a remedy for infringement of rights created by other federal laws.

See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002) (discussing § 1983); Great Am.

Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979) (discussing § 1985).

Section 1983 offers private citizens a means to redress violations of federal law

committed by state officials.  See 42 U.S.C. § 1983.  The statute provides, in

pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . . .

Id.  To establish a claim under this section, the plaintiff must show a deprivation of

a "right secured by the Constitution and the laws of the United States . . . by a

person acting under color of state law."  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d

Cir. 1996) (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Section 1985(3) prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws, or equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To establish a prima facie case under § 1985(3), a plaintiff must prove that: (1) defendants engaged in a conspiracy, (2) the conspiracy's purpose was to deprive, either directly or indirectly, any person or class of persons of equal protection of the laws or equal privileges and immunities under the laws, (3) defendants committed an act in furtherance of the conspiracy, and (4) defendants' actions resulted in injury to the plaintiff's person or property or a deprivation of the plaintiff's rights or privileges as a United States citizen. Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006); see also Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Brown v. Philip Morris, Inc., 250 F.3d 789, 805 (3d Cir. 2001).

Cvetko's state-law claim arises under Article 1, Section 26 of the Pennsylvania Constitution, which forbids a state actor from "deny[ing] to any person the enjoyment of any civil right, [and of] discriminat[ing] against any person in the exercise of any civil right." PA. CONST. art. I, § 26. According to the Pennsylvania Supreme Court, the equal protection rights guaranteed by this constitutional provision are coterminous with those afforded by the federal Equal Protection Clause. Erfer v. Commonwealth, 794 A.2d 325, 332 (Pa. 2002); Love v. Stroudsburg, 597 A.2d 1137, 1139 (Pa. 1991). Therefore, to establish liability for an equal protection violation under the state constitution, plaintiffs must satisfy the

6

same standard that is mandated by the Fourteenth Amendment. See Love, 794 A.2d at 1139-41.

In the action *sub judice*, Cvetko alleges that HE&R engaged in First Amendment retaliation, denied his right to equal protection of the laws, and engaged in a conspiracy with the remaining defendants to violate his civil rights. Cvetko's first two claims arise under § 1983 and the Pennsylvania Constitution, while the assertion of a civil rights conspiracy is rooted in § 1985(3). The court will address each of these claims *seriatim*.

A.    **Claims Arising Under § 1983**[2]

In order to make out a claim for liability under § 1983, Cvetko must establish that he was deprived of a constitutional right by a state actor. Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). HE&R is a private corporation and Meals is an employee thereof. When an ostensibly private actor is accused of committing a constitutional tort, "the principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (quoting Leshko, 423 F.3d at 339). The Third Circuit Court of Appeals has employed three distinct tests to answer this question: the first asks "whether the

---

[2] Because the prima facie requirements to prove an equal protection violation under the Pennsylvania Constitution are identical to those imposed by the Fourteenth Amendment, see Erfer v. Commonwealth, 794 A.2d 325, 332 (Pa. 2002), the court's § 1983 analysis applies to both federal and state-law equal protection claims.

7

private entity has exercised powers that are traditionally the exclusive prerogative

of the state"; the second queries "whether the private party has acted with the help

of or in concert with state officials"; and the third inquires "whether the state has so

far insinuated itself into a position of interdependence with the acting party that it

must be recognized as a joint participant in the challenged activity." Id. (internal

quotation marks omitted) (quoting Mark, 51 F.3d at 1142). The critical issue in each

of these queries "is whether the state, through its agents or laws, has established a

formal procedure or working relationship that drapes private actors with the power

of the state." Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1984).

The § 1983 claims levied against HE&R and Meals fail under each of the

above-described tests. According to Cvetko, Meals contacted the Derry Township

police department on July 7, 2007 and alerted them to Cvetko's protest activities.

(Doc. 16 ¶ 24.) This is the sole action purportedly taken by either Meals or HE&R.

However, a private actor does not proceed under color of state law merely by

furnishing the police with information pertaining to a possible public disturbance.[3]

See Moldowan v. City of Warren, 570 F.3d 698, 745 (6th Cir. 2009) ("Providing

information to the police . . . does not expose a private individual to liability for

actions taken 'under color of law.'"); Benavidez v. Gunnell, 722 F.2d 615, 618 (10th

Cir. 1983) ("The mere furnishing of information to police officers does not constitute

---

[3] HE&R is incorporated under state law. (See Doc. 17-2.) The mere fact of incorporation, however, does not transform the entity into a state actor. See Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 189 (3d Cir. 2000); see also Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974).

joint action under color of state law which renders a private citizen liable under

§ 1983 . . . ."); Cooper v. Muldoon, Civ. A. No. 05-4780, 2006 WL 1117870, at *2 (E.D.

Pa. Apr. 26, 2006) ("Merely calling the police, furnishing information to the police,

or communicating with a state official does not rise to the level of joint action

necessary to transform a private entity into a state actor."); Fisk v. Letterman, 401

F. Supp. 2d 362, 367 (S.D.N.Y. 2005) ("[A] private party who calls police officers for

assistance or provides them with information that may lead to an arrest of an

individual does not become a state actor . . . unless the police officers were

improperly influenced or controlled by the private party."); see also Bailey v.

Harleysville Nat'l Bank & Trust, 188 F. App'x 66, 68 (3d Cir. 2006) (explaining that a

private actor does not engage in state action by calling the police to report an

individual's threatening behavior); Ginsberg v. Healey Car & Truck Leasing, Inc.,

189 F.3d 268, 272 (2d Cir. 1999) (holding that provision of background information to

police officer does not constitute state action). The complaint contains no factual

allegations suggesting that Meals and HE&R engaged in joint activity along with

the local police officers, that the police encouraged Meals to report Cvetko's

activity, or that Meals' conduct was somehow dictated or influenced by a state

actor.[4]  See Leshko, 423 F.3d at 340 (explaining that state action cases typically

require joint activity between the ostensibly private and state entity, or an actor

controlled by the state).  Consequently, Cvetko fails to state a cognizable claim

under § 1983 and the constitutional tort claims levied against HE&R and Meals

shall be dismissed.

To the extent that Cvetko believes he can come forth with factual allegations

of joint activity, cooperation, or control between HE&R, Meals, and Derry

Township, the court will permit Cvetko to seek leave to amend.  Any motion for

leave to amend shall include the proposed amendments and shall be accompanied

by a brief in support thereof.

---

[4] According to Cvetko, the state action requirement is satisfied because the
complaint demonstrates joint action and a 'symbiotic' relationship between HE&R
and Derry Township.  (See Doc. 32 at 1-4.)  However, Cvetko's allegations are no
more than "naked assertions devoid of further factual enhancement."  Iqbal, --- U.S.
---, 129 S. Ct. at 1949.  He avers that between HE&R and Derry Township, there was
a joint "custom in the community to mutually benefit each other," (Doc. 32 at 2), but
fails to come forth with factual allegations demonstrating how this is so.  Moreover,
Cvetko states that HE&R "constitutes an integral part of Derry Township," and
"HE&R and the Derry Township Police confer substantial benefits on each other."
(Id. at 3.)  The mere fact that HE&R employs a percentage of Derry Township
residents, or that Derry Township police officers ensure that the community
remains secure, hardly amounts to a 'symbiotic' relationship.  See Brown v. Philip
Morris, Inc., 250 F.3d 789, 803 (3d Cir. 2001) (defining a symbiotic relationship as
one in which "the government has insinuated itself into a position of
interdependence with the defendant").  Were the court to employ Cvetko's logic,
§ 1983 would transform nearly any large corporate entity into a state actor; the
statute plainly does not envision such a result.

**B.	Claims Arising Under § 1985(3)**

Cvetko next claims that HE&R and Meals engaged in a conspiracy with

Derry Township police officers to deprive him of his civil rights. Allegations under

§ 1985(3) need not necessarily arise from state action. See United Bhd. of

Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 832-34 (1983); Griffin, 403

U.S. at 97-102. Private actors that engage in conspiracies to deprive an individual of

the equal protection of the laws are subject to liability in federal court so long as a

plaintiff pleads the elements necessary to establish unlawful conspiratorial conduct.

See Farber, 440 F.3d at 134 (describing the four necessary elements). However,

"[m]ere conclusory allegations of deprivations of constitutional rights are

insufficient to state a § 1985(3) claim." D.R. v. Middle Bucks Area Vocational Tech.

Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (quoting Robinson v. McCorkle, 462 F.2d 111,

113 (3d Cir. 1972)). The plaintiff must instead allege the existence of an agreement

among defendants, as well as the duration of the conspiracy, its object, and the

actions taken in furtherance of it. See Ramsey v. Dintino, Civ. A. No. 05-5492, 2007

WL 979845, at *9 (D.N.J. Mar. 30, 2007) (dismissing § 1985(3) claim for failure to

allege existence of an agreement among defendants); Grisby v. Kane, 250 F. Supp.

2d 453, 458 (M.D. Pa. 2003) (holding that plaintiff must allege the period, object, and

acts taken in furtherance of a conspiracy to prevail on a motion to dismiss); Loftus

v. Se. Pa. Transp. Auth., 843 F. Supp. 981, 986 n.8 (E.D. Pa. 1994) (citing Black &

Yates, Inc. v. Mahogany Ass'n, Inc., 129 F.2d 227, 231 (3d Cir. 1941) ("A general

allegation of conspiracy without a statement of the facts is an allegation of legal

11

conclusion and insufficient of itself to constitute a cause of action.")); <u>Kalmanovitz</u>

<u>v. G. Heileman Brewing Co.</u>, 595 F. Supp. 1385, 1401 (D. Del. 1984) (requiring

particularized allegations of conspiracy), <u>aff'd</u>, 769 F.2d 152 (3d Cir. 1985).

Cvetko's complaint fails to meet this pleading requirement. His sole factual

averment merely alleges that Meals reported Cvetko's protest activity to Derry

Township police. The complaint contains no factual allegations that there was an

agreement, it does not detail the duration of a purported conspiracy, and it

explicates no actions taken in furtherance of such a scheme. Instead, Cvetko levies

vague allegations claiming, "[HE&R] and the Derry Township Police were so

entwined as to have a meeting of the minds to violate Plaintiff's Constitutional

rights and also had a 'mutually beneficial' relationship"; "[HE&R] would have

profited by ending any boycott against Hershey goods and had given implied

consent to and/or directed the Derry Township Police to act on their behalf"; and

that Meals contacted the Derry Township police "to manipulate the law and Derry

Township agencies to sanction and deter Plaintiff and thereby willfully and

maliciously deprive Plaintiff" of his constitutional rights. (<u>See</u> Doc. 16 ¶¶ 23(c),

23(e), 24.) Such averments constitute no more than naked legal assertions and, as

such, may be disregarded by the court. <u>See</u> <u>Iqbal</u>, --- U.S. ---, 129 S. Ct. At 1949

(holding that a complaint is deficient when "it tenders 'naked assertions' devoid of

'further factual enhancement'" (quoting <u>Twombly</u>, 550 U.S. at 557)).

Cvetko's complaint therefore falls short of the pleading requirement

mandated by § 1985(3). The court shall permit Cvetko to seek leave to amend the

complaint provided he can proffer factual allegations which meet the applicable standard. Any motion for leave to amend shall include the proposed amendments and shall be accompanied by a brief in support thereof.

## IV. <u>Conclusion</u>

For the foregoing reasons, Cvetko's complaint is insufficient to state a claim upon which relief may be may granted against HE&R and Meals, either under 42 U.S.C. §§ 1983 and 1985(3) or the Pennsylvania Constitution. Consequently, the motion (Doc. 17) to dismiss filed by HE&R and Meals shall be granted.

An appropriate order follows.

<u>S/ Christopher C. Conner</u>
CHRISTOPHER C. CONNER
United States District Judge

Dated: May 4, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE CVETKO,** | : | **CIVIL ACTION NO. 1:09-CV-1260** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DERRY TOWNSHIP POLICE** | : | |
| **DEPARTMENT, BRIAN K. GRUBB,** | : | |
| **MICHAEL HENRY, TODD HARRER,** | : | |
| **JOHN DOE, HERSHEY** | : | |
| **ENTERTAINMENT & RESORTS, and** | : | |
| **ROBERT MEALS,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 4th day of May, 2010, upon consideration of the motion

(Doc. 17) to dismiss, filed by defendants Hershey Entertainment & Resorts and

Robert Meals, and for the reasons set forth in the accompanying memorandum, it is

hereby ORDERED that:

1.  The motion (Doc. 17) to dismiss is GRANTED. All claims against
    defendant Hershey Entertainment & Resorts and Robert Meals are
    DISMISSED.

2.  Plaintiff Mike Cvetko shall be permitted to file, on or before May 18,
    2010, a motion for leave to amend, and a brief in support thereof, and
    to therein proffer additional factual allegations supportive of his First
    Amendment retaliation and equal protection claims, and his § 1985(3)
    claim. Any such motion shall include the proposed amendments. The

brief in support shall include citations to applicable and controlling law demonstrating the validity of the claims given the proposed amendments. Absent such a filing, this case will proceed on the remaining claims.

                              <u>S/ Christopher C. Conner</u>
                              CHRISTOPHER C. CONNER
                              United States District Judge