# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE CVETKO,** | : | **CIVIL ACTION NO. 1:09-CV-1260** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DERRY TOWNSHIP POLICE DEPARTMENT, BRIAN K. GRUBB, MICHAEL HENRY, TODD HARRER, JOHN DOE, HERSHEY ENTERTAINMENT & RESORTS, and ROBERT MEALS,** | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 20th day of July, 2010, upon consideration of the motion (Doc. 47) for leave to amend pleadings, wherein plaintiff Mike Cvetko ("Cvetko") seeks permission to file a third amended complaint, and to include allegations purportedly establishing (1) that defendants Hershey Entertainment & Resorts ("HE&R") and Robert Meals ("Meals") are liable for harm arising under 42 U.S.C. § 1983, and (2) that HE&R conspired with the Derry Township police to deprive

Cvetko of his civil rights,[1] and it appearing that the proposed amendments fail to show that the actions of HE&R and Meals may be fairly treated as the actions of the state itself,[2] see Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (explaining that

---

[1] Defendants Derry Township police department, Brian K. Grubb, Michael Henry, Todd Harrer, and John Doe (collectively, "municipal defendants") have opposed the motion to amend, arguing that Cvetko is improperly attempting to plead an equal protection claim arising under the "class of one" theory. (See Doc. 50.) Cvetko's proposed third amended complaint does include a new legal averment which states, "Cvetko was a protesting taxpayer and a member of a protected 'class of one' by the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution." (Doc. 47-2 ¶ 41.) The court finds that inclusion of this paragraph is unnecessary for Cvetko to bring his equal protection claim against the municipal defendants. Cvetko's second amended complaint pleaded a cause of action for "equal protection violations" against all defendants. (See Doc. 16 ¶¶ 40-46.) The "class of one" doctrine is simply a theory of liability encompassed within this cause of action. Furthermore, the extent to which Cvetko has stated a claim for "class of one" liability is determined by the complaint's factual allegations; his conclusory assertion that he belongs to a "class of one" has no impact upon whether he has successfully stated a claim for relief. See Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (explaining that "naked assertions devoid of further factual enhancement" may be disregarded at the pleading stage). The court takes no position on whether the second amended complaint adequately pled a *prima facie* case under this theory. However, Cvetko need not amend the second amended complaint to seek redress from the municipal defendants pursuant to the "class of one" doctrine, for the municipal defendants did not move to dismiss this claim.

[2] In the second amended complaint, Cvetko alleged that Meals and HE&R were subject to constitutional tort liability because Meals had placed a single telephone call to Derry Township police, informing them of Cvetko's protest activity. (See Doc. 39.) The court dismissed the claim, explaining that "a private actor does not proceed under color of state law merely by furnishing the police with information pertaining to a possible public disturbance." (Id. at 8.) Cvetko now concedes this point, but nonetheless invites the court to consider "the history of Milton S. Hershey in founding the Hershey Company, the history of labor strife and the establishment of the town as a highly controlled corporate town." (Doc. 48 at 8.) The court declines this invitation. Cvetko's proposed amendments simply do not suggest that HE&R has established a formal procedure or working relationship with the state that drapes it with governmental power. See Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1984). Rather, the proposed amendments demonstrate only that HE&R is a large corporation that occasionally requests assistance from the local police force.

private actors may be liable for constitutional torts when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself"), or that HE&R and Meals engaged in a conspiracy to violate Cvetko's civil rights,[3] Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (explaining that an actionable civil rights conspiracy is one entered for "the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws"), and concluding that further amendment at this stage of the proceeding would be inequitable to HE&R and Meals, and also futile, see Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010) (defining "futility" as a situation in which "the complaint, as amended, would fail to state a

---

[3] Cvetko admits that his proposed allegations do not establish that "HE&R and the Derry Township Police and its officers had [an] explicit agreement to conspire to deny Cvetko his Constitutional rights nor [that they] directly communicated with each other on the subject." (Doc. 48 at 9.) However, Cvetko claims that a conspiracy may be inferred from the fact that HE&R security routinely contacted the Derry Township police to report crimes or vehicle accidents, and to coordinate traffic flow during large public events. (See id. at 10.) According to Cvetko, the court may infer the existence of a conspiratorial agreement from seemingly benign actions such as these because "the police and residents of Hershey are benefitted by the Hershey Company indirectly through taxes and added tourism and revenue for local businesses etc." (Id. at 11.) These allegations are insufficient to suggest that HE&R conspired with the remaining defendants to violate Cvetko's civil rights. The proposed amendments do not establish the existence of an agreement, the duration of the conspiracy, its object, or the actions taken in furtherance of it. See Ramsey v. Dintino, Civ. A. No. 05-5492, 2007 WL 979845, at *9 (D.N.J. Mar. 30, 2007) (dismissing § 1985(3) claim for failure to allege existence of an agreement, its duration and object, and the actions taken in furtherance thereof). Rather, they demonstrate unexceptional, law-abiding behavior—behavior which, if actionable, would subject nearly any private business to § 1985 liability merely for contacting the local police department. (See Doc. 39 at 11-13.)

claim upon which relief could be granted" (quoting <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997))), it is hereby ORDERED that the motion (Doc. 47) for leave to amend pleadings is DENIED.

        <u>S/ Christopher C. Conner</u>
        CHRISTOPHER C. CONNER
        United States District Judge