# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE CVETKO,** | : | CIVIL ACTION NO. 1:09-CV-1260 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **DERRY TOWNSHIP POLICE DEPARTMENT**, *et al.*, | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Presently before the court are plaintiff's "motion for reconsideration and plaintiff's objection to magistrate judge's order" (Doc. 67) which address the non-dispositive memorandum and order (Doc. 61) of the Honorable William T. Prince, United States Magistrate Judge. In his August 24, 2010 Memorandum, Judge Prince concluded that plaintiff's counsel, Robert S. Mirin, Esquire, should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure, and directed counsel for defendants, Hershey Entertainment & Resorts Company and Robert Meals ("HE&R Defendants"), to file a detailed statement of its claim for sanctions.

Judge Prince's August 24, 1010 Order was non-dispositive and, therefore, subject to the appeal requirements of Local Rule 72.2, which provides in pertinent part:

> Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which magistrate judge is not the presiding judge of the case, within fourteen (14) days after issuance of the magistrate judge's order, unless a different time is prescribed by the magistrate judge or a judge.

Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, plaintiff's counsel was afforded three additional days to file his appeal.[1] Thus, plaintiff's appeal of Judge Prince's August 24, 2010 Order was due on or before September 10, 2010.[2] Quite logically, Judge Prince did not require defense counsel to file its claim for sanctions until expiration of the appeal period. Rather, he directed counsel for the HE&R Defendants to file their statement of claim for sanctions on or before September 15, 2010, and, in the absence of any appeal, counsel timely complied with this directive.

Inexplicably, Attorney Mirin filed his appeal—in the form of a motion for reconsideration and objection—on September 29, 2010, nineteen (19) days after expiration of the appeal period. Defense counsel asserts that Attorney Mirin waived his right to challenge the award of sanctions by failing to appeal in a timely fashion. In his reply brief, Attorney Mirin suggests that he reasonably misapprehended Judge Prince's Order:

---

[1] Rule 6(d) states "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), three days are added after the period would otherwise expire under Rule 6(a)." Rule 77(d) of the Federal Rules of Civil Procedure requires the clerk of court to serve notice of an order (or judgment), such as Judge Prince's August 24th Memorandum and Order, in accordance with Rule 5(b). Moreover, our Standing Order No. 05-6, IN RE: Electronic Case Filing Policies and Procedures, paragraph 12.3, specifically provides: "In accordance with Fed. R. Civ. P. 6(d) . . . service by electronic means is treated the same as service by mail for purposes of adding three (3) days to the prescribed period to respond."

[2] The court notes that the deadline for filing objections to a report and recommendation addressing a case dispositive motion is the same. See Local Rule 72.3.

2

> The relevant Order on this sanctions issue read "<u>Mr. Mirin may file an objection on our order before September 29</u>." In this same case, a summary judgment motion was pending concurrently along with this sanction matter. To Cvetko, it seems entirely plausible that Magistrate Judge Prince was allowing time until September 29, 2010 because of the other pending briefing requirements for summary judgment. Cvetko immediately filed his objection to the order for sanctions on the date he had relied upon - September 29, 2010. Therefore, this court should honor Cvetko's objection as timely.

(Doc. 72, p. 5) (emphasis added).

The court would be inclined to accept this rather inscrutable proffer and overlook the clear application of Local Rule 72.2, but for one simple fact: Judge Prince's Order says no such thing. Attorney Mirin has misquoted it.[3] The August 24, 2010 Memorandum and Order actually concludes:

> Having found that plaintiff's counsel Robert S. Mirin should be sanctioned under Federal Rule of Civil Procedure 11, defendants' counsel is ORDERED to file on or before September 15, 2010, a detailed statement of its claim for sanctions. <u>Mr. Mirin may file an objection on or before September 29</u>. Defendants may file a reply within seven days to any objections filed by Mr. Mirin.

(Doc. 61, p. 12) (emphasis added). It is pellucidly clear that Judge Prince's reference to September 29 relates solely to the filing of an objection to defense counsel's statement of claim. Indeed, consistent with due process, Attorney Mirin must be given the opportunity: (1) to scrutinize defense counsel's statement of claim and

---

[3]The court will not engage in needless speculation over Attorney Mirin's intent with respect to the misquoted order except to note that it implicates Rule 3.3 (Candor Toward the Tribunal) of the Rules of Professional Conduct.

3

supporting documentation, and (2) to file a response challenging the amount of the claim.  In this context, Attorney Mirin's tortured interpretation makes no sense.[4]  His couching of his appeal as a "motion for reconsideration and plaintiff's objection to magistrate judge's order" (Doc. 67) pursuant to Local Rule 72.3 is similarly perplexing in that it contemplates two entirely different reviews, to wit:  one by Judge Prince on reconsideration and one by this court on objections.  For all of the reasons set forth above, the court finds that Mr. Mirin's explanation for his tardy filing is inadequate and unreasonable.

The court has already touched upon the issue of prejudice.  Counsel for the HE&R Defendants expended substantial effort setting forth a detailed statement of its claim for sanctions.  This statement appends numerous billing records, two declarations of counsel, biographical information and relevant correspondence.  It is 76 pages in length with exhibits.  If a timely appeal had been filed, this court would have stayed the directive to file a statement of claim pending disposition of the appeal.  The court finds that defense counsel have been prejudiced by the untimely appeal filed by Attorney Mirin.

---

[4]The court observes that, even under his conjured version of the order—"Mr. Mirin may file an objection on our order before September 29"—Attorney Mirin's appeal is untimely.  Document 67 was filed on September 29.

4

In sum, the court concludes that Attorney Mirin has waived the right to appeal Judge Prince's Memorandum and Order of August 24, 2010. This matter will be remanded to Judge Prince for a determination of the appropriate monetary sanctions.

        S/ Christopher C. Conner  
        CHRISTOPHER C. CONNER  
        United States District Judge

Dated:     December 8, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE CVETKO,** | : | **CIVIL ACTION NO. 1:09-CV-1260** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DERRY TOWNSHIP POLICE DEPARTMENT**, *et al.*, | : | |
| Defendants | : | |

## **O R D E R**

AND NOW, this 8th day of December, 2010, upon consideration of plaintiff's motion for reconsideration and objection to magistrate judge's order (Doc. 67) and supporting briefs (Docs. 68, 72) and the reply thereto (Doc. 71), it is hereby ORDERED that said motion is DISMISSED as untimely filed. This matter is REMANDED to Judge Prince for a determination of the appropriate sanctions to be awarded to counsel for Defendants Hershey Entertainment & Resorts Company and Robert Meals.

      S/ Christopher C. Conner  
      CHRISTOPHER C. CONNER  
      United States District Judge