# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE CVETKO**, | : | CIVIL ACTION NO. 1:09-CV-1260 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DERRY TOWNSHIP POLICE DEPARTMENT**, *et al.*, | : | |
| Defendants | : | |

## O R D E R

AND NOW, this 9th day of December, 2010, upon consideration of the report of United States Magistrate Judge William T. Prince (Doc. 66), recommending that defendants' motion for summary judgment (Doc. 58) be granted, and, following an independent review of the record and noting that plaintiff filed objections[1] to the report on September 30, 2010 (Doc. 69), and the court finding Judge Prince's analysis to be thorough and well-reasoned, and the court finding plaintiff's objections to be without merit and squarely addressed by Judge Prince's report (Doc. 66), it is hereby ORDERED that:

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

1. The report of Magistrate Judge Prince (Doc. 66) is ADOPTED.

2. Defendants' motion for summary judgment (Doc. 58) is GRANTED in its entirety.

3. The Clerk of Court is directed to defer the entry of final JUDGMENT in favor of Defendants and against Plaintiff pending the resolution of Rule 11 proceedings, currently before Judge Prince. See <u>Gary v. Braddock Cemetery</u>, 517 F.3d 195, 202 (3d Cir. 2008) ("[D]istrict courts must resolve any issues about imposition of sanctions prior to, or contemporaneously with, entering final judgment.").

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge